IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARISH-STERN LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:14-CV-181 |
| ) | |
| TOWN OF BUCHANAN, VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

In this civil action, corporate plaintiff Barish-Stern LTD ("Barish-Stern") alleges in its complaint that defendant Town of Buchanan, Virginia ("Town of Buchanan") wrongly committed a series of administrative acts causing damage to Barish-Stern's business ventures. The Town of Buchanan has moved to strike and dismiss the complaint on the grounds that the complaint was not filed by a licensed attorney on behalf of the corporation, and alternatively, that the complaint fails to state a plausible claim for relief. The matter is before me upon referral of the district judge pursuant to 28 U.S.C. § 636(b)(1)(B), and I have carefully considered the record, argument, and applicable law. For the reasons that follow, I find that Barish-Stern cannot proceed *pro se* as a corporate entity, and that even construed liberally, the allegations set forth in the claim fail to state a legal claim for relief. Accordingly, I **RECOMMEND** that the Town of Buchanan's motion to strike and dismiss the complaint (Dkt. No. 3) be **GRANTED** and that the Court dismiss the complaint without prejudice.

**I.**

Barish-Stern is a Virginia S-corporation that operates a gift shop and family entertainment center in the Town of Buchanan, Virginia. The complaint initiating this civil

1

action was filed on behalf of the corporation by Francine R. Bray (President) and Kenneth A Bray (Agent) on April 17, 2014. Dkt. No. 1. Neither is a licensed attorney, however the complaint identifies each as "Counsel for Plaintiff, Pro Se."

On June 16, 2014, the Town of Buchanan moved to strike and dismiss the complaint on in part because the complaint had not been signed by a licensed attorney. Dkt. No. 3. On June 19, 2014, this Court issued an order requiring Barish-Stern to appear and to show cause as to why the case should not be dismissed for its failure to have an attorney represent it in this action. Barish Stern responded to the show cause order on July 22, 2014, and indicated that it had unsuccessfully attempted to secure counsel. Dkt. No. 11. At a hearing before the Court on August 1, 2014, Barish-Stern again appeared without counsel and Ms. Bray again, on behalf of the corporation, stated that Barish-Stern was unable to secure counsel. As of the date of this report, all pleadings on behalf of Barish-Stern have been filed by Ms. Bray and no attorney has noted an appearance on behalf of the corporation.

It is well established that that a corporation cannot proceed *pro se* in federal court, but must be represented by duly licensed counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887, at *2 (4th Cir. 1998) (per curiam) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). In this Court, "[a] business entity or corporation involved in litigation in Virginia must be represented by an attorney licensed to practice in Virginia." Office Parks of Lynchburg, LLC v. Wells Fargo Banks, N.A., 6:12-CV-00034, 2012 WL 4325567, at *3 (W.D. Va. Sept. 20, 2012) (citing Va. R. S. Ct., pt. 6 § 1 UPR 1-101, UPC 1–3).

Barish-Stern contends through Ms. Bray that the United States Supreme Court decision in Burwell v. Hobby Lobby Stores, Inc., 143 S. Ct. 2751 (2014), recognizes that a closely-held corporation can and does act through its individual stockholders. Ms. Bray asserts that she is the

2

sole shareholder for Barish-Stern and that she is the true voice for the corporation. I have carefully reviewed the Hobby Lobby decision and conclude that nothing in that decision or any of the concurring opinions either intended to or did change the longstanding rules of court that mandate that a corporate entity can only appear in court through a duly licensed attorney.

The show cause order entered June 19, 2014 placed Barish-Stern on notice that the failure to have a licensed attorney appear on its behalf would result in dismissal of the case. "When a corporate party has been 'admonished...that if [it] failed to obtain…counsel' the case would 'be dismissed as to the corporation[ ]...since a corporation cannot proceed *pro se*,' it is appropriate to dismiss the action as to that corporate party." Dove Air, Inc. v. Joda, LLC, 1:10CV293, 2011 WL 4712316, at *1 (W.D.N.C. Oct. 6, 2011) (citing Barr v. Prince George's Cnty., Md., 115 F. App'x 609, 610 (4th Cir. 2004)). As the complaint was inappropriately filed on behalf of Barish-Stern by *pro se* individuals, and Barish-Stern has subsequently failed to obtain duly licensed counsel to represent it in this matter, the complaint must be dismissed.

**II.**

Alternatively, the Town of Buchanan has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. I find that the allegations in the complaint fail to assert a legal claim over which this Court has jurisdiction, and that the complaint should be dismissed under Rule 12(b)(6) as well.

a. *Allegations of Complaint*

Barish-Stern seeks "damages and injunctive relief" against the Town of Buchanan under "the Virginia Deceptive Trade Practices Act, as well as the common law, and ethics and established proper business practices regarding doing business in the State of Virginia, and numerous federal law violations…." Complaint, ¶ 1. The complaint specifically alleges three

3

counts: Count 1, "Violations of Virginia Deceptive Trade Practices Law," Count 2, "Breach of the Implied Covenant of Good Faith and Fair Dealing," and Count 3, "Unjust Enrichment." Complaint, ¶¶ 61–79. No separate count alleges a federal civil rights violation under 42 U.S.C. § 1983, although the complaint does reference the First and Fourteenth Amendment, as well as the purportedly federal "Stop Government Abuse Act of the United States" and the "Federal Statutory Unfair Competition Law." Complaint, ¶¶ 57–60.

The complaint outlines a series of alleged acts undertaken by individuals and entities associated with the Town of Buchanan that Barish-Stern contends amounts to a "bullying" policy designed to remove Barish-Stern from the town's business community. Complaint, ¶ 3. Barish-Stern purchased commercial property in the town for the purpose of creating a multi-faceted entertainment and recreation venue. Complaint, ¶ 10. Barish-Stern alleges that its business plan was thwarted when the Town Zoning Administrator and Town Zoning Committee rejected several business license applications and refused to issue permits for its business activities. Complaint, ¶¶ 12–18, 30, 33–36. The complaint also recounts several other perceived wrongful actions attributed to the town, including: allowing the Town Revitalization Committee to sell t-shirts, undercutting Barish-Stern's own t-shirt sales (Complaint, ¶ 25); charging a water/sewer fee (Complaint, ¶ 27); enforcement of the town's sign ordinance (Complaint, ¶ 29); the town's operation of a wedding venue despite denying a license to Barish-Stern to do the same (Complaint, ¶¶ 30–32); and the forced closing of a teen dance and party center called "Studio 198" for failure to obtain a proper permit (Complaint, ¶¶ 38–45).

b. *Standard of Review*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a cause of action may be dismissed for "failure to state a claim upon which relief may be granted." The court must accept

as true any factual allegations contained in the complaint, though it need not accept legal conclusions; and, to survive a motion to dismiss, a complaint must provide sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial "plausibility" lies on a spectrum between possibility and probability, and it is established when the court is able to draw a reasonable inference that the defendant may be liable for the conduct alleged. Id.

Additionally, *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106–07 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). By the same token, the federal courts may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards. See Brazil v. U.S. Dep't. of Navy, 66 F.3d 193, 198–99 (9th Cir. 1995); Switzer v. Town of Stanley, No. 5:10CV00128, 2010 WL 4961912, at *2–3 (W.D. Va. Dec. 1, 2010).

   c. *Analysis*

Liberally construed, the closest federal cause of action alleged by the complaint is a civil rights action under 42 U.S.C. § 1983 for violations of Barish-Stern's First and Fourteenth Amendment rights. To the extent that the complaint alleges a civil rights complaint under 42 U.S.C. § 1983, however, I find that the Town of Buchanan is not a proper defendant for such allegations. Under Virginia law, the Town of Buchanan is a municipal corporation. To hold a municipality liable under § 1983, a plaintiff must allege that the municipality deprived the plaintiff of its constitutional rights pursuant to an official policy or custom. Monell v. Dep't of

5

Social Servs. of City of N.Y., 436 U.S. 658, 694 (1978). "Local governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (to establish liability, a plaintiff must demonstrate that (1) a government actor deprived the plaintiff of his federal rights, and (2) the harm was the result of an official policy or custom of the local entity). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Turtle, 471 U.S. 808, 817–818 (1985). "[O]fficial municipal policy, within the meaning of § 1983 liability, embraces 'the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" Thomas v. City of Staunton, Va., 7:10-CV-00553, 2011 WL 4007854, at *4 (W.D. Va. Sept. 8, 2011) (citing Monell, 436 U.S. at 691).

Barish-Stern has not alleged that the Town of Buchanan enacted or followed an official policy or custom which amounted to a violation of its constitutional rights. That is, Barish-Stern can point to no town ordinance or particular action by the Town of Buchanan which would give it a colorable claim under § 1983. Even if any alleged constitutional violations were committed by individual actors employed by the Town of Buchanan, the town itself cannot be held vicariously liable under § 1983. Monell, 436 U.S. at 691.

The complaint alleges that Barish-Stern lost potential business due to the decisions of town administrators regarding business licenses and permits. I find that, even given due latitude

6

to the *pro se* plaintiff. Barish-Stern fails to allege any violation of its constitutional rights caused by the Town of Buchanan or its officers. As such, Barish-Stern has failed to allege a cognizable claim under § 1983.

The remaining claims in Counts 1, 2, and 3 asserting violations of the "Virginia Deceptive Trade Practices Law," breach of implied covenant of good faith and fair dealing, and unjust enrichment are not independently cognizable federal claims. Barish-Stern has pointed to no federal or state statute titled the Virginia Deceptive Trade Practices Law. Moreover, the complaint references the purportedly federal "Stop Government Abuse Act of the United States" and the "Federal Statutory Unfair Competition Law," but neither is an actual statute.[2]

As I find that the complaint fails to state a plausible claim for relief under any provision of federal law, I recommend that the court decline to exercise pendent jurisdiction over the remaining state court claims. Accordingly, I recommend that the complaint be dismissed in its entirety on this ground as well.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **GRANTING** the defendant's motion to dismiss without prejudice. The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28

---

[2] A bill entitled the "Stop Government Abuse Act" was passed by the House of Representatives on August 1, 2013, but this bill was never enacted into law and appears inapplicable to the facts of Barish-Stern's claim. H.R. 2879, 113th Cong. (2013).

U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

        Enter: August 29, 2014

        *Robert S. Ballou*

        Robert S. Ballou
        United States Magistrate Judge